JUD0E DUVALL
deliyeeed the opinion op the doubt:
We are of opinion that the writing on which the present action is founded is a covenant, and was so intended by both the parties.
There had been a parol agreement, (or understanding,) between Poindexter and Metcalfe, in relation to certain repairs done by the latter on the Oakland property. That agreement not having been altered or satisfied, subsisted at the time of the execution of the writing. It existed in parol merely, but was in full force, and was obligatory between the parties. For the purposes declared in the writing — that is to say, “for .the satisfaction and security of Joseph Metcalfe” — Poindexter proceeds to “restate” in writing the pre-existing parol agreement or understanding, the substance of which was, as set forth in the instrument, that the repairs on the property which had been made or superintended by Metcalfe, should be a charge on the amount which the government might allow, under the contract as recited, and the damages resulting from the occupation of the property by the troops, “to be paid to said Metcalfe so soon as the same is allowed and paid by the Government.”
Such are, substantially, the terms and stipulations of the contract as set forth or restated in the instrument sued on. The object of making this written re-statement appears on the face of the instrument, and is forcibly, indeed we might say, conclusively illustrative of the motives and , intentions of the parties in its execution. That object was “.the satisfaction and security of Joseph Metcalfe.” Now it occurs to us, that in view of all the circumstances surrounding the parties at the time, the execution of the writing would have afforded Met-calfe very little satisfaction, and no security at all, except on the assumption that it was intended to merge the subsisting parol agreement into the written covenant. All written contracts *53 are, in a certain sense, but re-statements of a pre-existing parol agreement between the parties. And +bo mere fact that the written memorial contains such a recital, cannot operate so to change the character and legal effect of the instrument as-to reduce it from the grade and dignity of a covenant to a mere memorandum of the prior agreement.
We think it clear, on the face of the writing itself, that it was delivered on the one hand, and accepted on the other, as a covenant binding as such on the parties.
This view of it is sustained by ample authority. (2 Bibb, 614; 3 A. K. Marshall; 4 Mon., 402; 1 A. K. Marshall, 475; 3 Mon., 22.)
It will be found, upon an examination of the cases relied on by the appellee, that they do not conflict with the principle settled in the cases above referred to.
The judgment is reversed, and the cause remanded with directions to sustain the demurrer to the plea of the statute of limitations, and for a new trial and further proceedings notin-consistent with this opinion.